UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61663-CIV-COHN

MARIA VICTORIA PERDOMO, on behalf
of herself and other employees similarly situated,

Magistrate Judge Snow

    Plaintiff,

vs.

CLASSIC BILLIARDS I, INC., a Florida for-profit
corporation, d/b/a HOT SHOTS BAR & BILLIARDS,
and DORIS GAMEL,

    Defendants.
_____/

**ORDER DENYING MOTION TO DISMISS**
**ORDER GRANTING MOTION FOR PRELIMINARY CLASS CERTIFICATION, AND**
**MOTION TO PERMIT COURT SUPERVISED NOTICE TO EMPLOYEES**
**OF THEIR OPT-IN RIGHTS**

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction [DE 13] and Plaintiff's Motion for Preliminary Class Certification and Motion to Permit Court Supervised Notice to Employees of Their Opt-in Rights [DE 19]. The Court has carefully considered the motion to dismiss and response thereto. No reply was filed in support of the motion to dismiss, nor was opposition to Plaintiff's motion filed.

I. BACKGROUND

Plaintiff Maria Victoria Perdomo ("Plaintiff") filed a complaint against her former employer, Classic Billiards I, Inc. and her supervisor, Doris Gamel ("Defendants"), for alleged violations of the Fair Labor Standards Act ("FLSA") and Florida law. More specifically, Plaintiff's Complaint alleges the failure to pay her minimum wages and overtime wages in violation of the FLSA, and the failure to pay minimum wage under Florida's minimum wage amendment. In addition, Plaintiff seeks to bring this action as a collective action on behalf of similarly situated servers, busboys, bartenders and

hostesses at Defendants' restaurant.

Plaintiff alleges that Defendants were "an enterprise engaged in interstate commerce," in that they "regularly owned and operated a business engaged in commerce or in the production of goods for commerce" under the FLSA.  Complaint, ¶ 2. Plaintiff also alleges that she was individually engaged in commerce.  Id.  Defendant has moved to dismiss the complaint for lack of subject matter jurisdiction.  Plaintiff opposed that motion, and moves to allow notification to employees of their opt-in rights to this collective action.

## II.  DISCUSSION

### A.  Motion to Dismiss

In its Motion to Dismiss, Defendant asserts that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction.  Plaintiff alleges jurisdiction based solely upon federal question jurisdiction under the FLSA.  Defendant argues that Plaintiff has made no showing that Defendant is engaged in interstate commerce, as it is a single location billiard hall located in Fort Lauderdale, Florida.

Defendants rely upon the case of Thorne v. All Restoration Services, Inc., 448 F.3d 1264 (11th Cir. 2006), wherein an employee's FLSA claims were dismissed for lack of subject matter jurisdiction.  The Eleventh Circuit affirmed this Court's ruling **at trial**, on a Rule 50 motion, that Plaintiff was not engaged in interstate commerce.  The Court only addressed the issue of individual coverage under the FLSA, holding that Thorne was not so engaged.  In the present case, Plaintiff asserts both enterprise coverage and individual coverage.  Thus, even if Defendants are correct as to individual coverage, Hot Shots could still be covered as an enterprise.

Two additional distinctions from the Thorne decision are clear.  First, the Thorne

decision was made at trial, after a full period of discovery, unlike the present motion to dismiss, which is based upon the pleadings and Defendant Gamel's affidavit.[1]  Second, the employee in Thorne was not considered engaged in the production of goods for commerce, as he did mold restoration work as an employee of an independent contractor providing local services.  In the case at bar, while only local services are being provided, the Plaintiff works directly in a restaurant which is alleged to receive goods through interstate commerce.  Without a more fully developed factual record of Defendant's business and Plaintiff's job duties, it is difficult to make conclusions about individual or enterprise coverage.

To the extent Defendants are making a factual attack based upon Doris Gamel's affidavit (Exhibit A to Defendants' motion), Plaintiff addresses that issue by requesting time to conduct discovery.  As noted above, the determination to dismiss the case in Thorne was not made until after the plaintiff rested at trial.  Thus, as Plaintiff has sufficiently alleged subject matter jurisdiction in the Complaint, Plaintiff should be able to develop the factual record.  The Court notes that the Gamel Affidavit merely confirms

---

[1]  Defendants do not address which type of attack based upon Fed. R. Civ. P. 12(b)(1) is being made here; a facial or factual attack.  A facial attack on the complaint requires only that the court decide whether plaintiff has sufficiently alleged a basis of subject matter jurisdiction. Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).  In this situation, the allegations in plaintiff's complaint are taken as true for the purposes of the motion. Id.  Here, a plaintiff is afforded safeguards similar to those provided in challenging a Rule 12(b)(6) motion. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).
On the other hand, a factual attack "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings such as testimony and affidavits, are considered." Menchaca, 613 F.2d at 511.  Here the court is free to weigh the evidence in order to satisfy itself that it has the power to hear the case. Lawrence, 919 F.2d at 1529.  No presumption of truth attaches to the plaintiff's allegations, and the existence of disputed material facts does not prevent the trial court from evaluating for itself the merits of the jurisdictional claim. Id.  The submission of the Gamel affidavit indicates that Defendants are making a factual attack.

that Defendants have one location in Florida owned by Florida residents, and "does not engage in interstate commerce." This affidavit does not dispute the allegation that the business is covered by enterprise coverage by having greater than $500,000 in gross income.

The Court concludes that even if a factual attack on the Complaint, Defendants' motion should be denied to enable Plaintiff to conduct discovery in this case. As the case does not involve complex issues, the motion will be denied and discovery will not be limited to the jurisdictional issue. Defendant is free, of course, to raise the issue again at the summary judgment stage of the litigation.

### B.  Motion to Allow Class Notification

Plaintiff seeks an order of this court allowing notification of potential class members under Section 216(b) of the FLSA. It is settled in the Eleventh Circuit that a district court has the authority under the FLSA to issue an order requiring notice to similarly situated persons. See Dybach v. State of Florida Dep't of Corrections, 942 F.2d 1562 (11th Cir.1991). Before determining whether to exercise such power, however, Dybach instructs the district court that it "should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." Id. at 1567-1568. If the district court concludes that there are such other employees, the court then has the discretion to establish the specific procedures to be followed with respect to such possible opting-in. Id. at 1568.

Plaintiff supports the motion with the opt-in forms of three other individuals who worked similar jobs at Defendants' restaurant during the same time period. These opt-in plaintiffs, Michelle Diaz [DE 11], Dayna Saunders [DE 15], and Jillia Stotts [DE 22], also

4

allege a failure to pay minimum wages and overtime wages, and in the case of Jillia Stotts, state that they know other employees who may be willing to opt-in.[2] Plaintiff thus alleges a uniform treatment of Defendants' employees.

Defendants have failed to respond to the present motion. After reviewing the motion and the entire record, the Court concludes that the motion has merit, in that other employees desire to opt-in to this action who are similarly situated to Plaintiff. The Court will grant the motion. Plaintiff shall separately file a proposed form Notice and a Consent Form.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction [DE 13] is hereby **DENIED**;

2. Plaintiff's Motion for Preliminary Class Certification and Motion to Permit Court Supervised Notice to Employees of Their Opt-in Rights [DE 19] is hereby **GRANTED**;

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of February, 2007.

JAMES I. COHN
United States District Judge

Copies furnished to:

Peter Bober, Esq.
Justin Pearson, Esq.

---

[2] Plaintiff's motion references affidavits of these employees as attachments to the motion. The Court has checked the CM/ECF court file and does not find any attachments to the motion.