UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61663-CIV-COHN

MARIA VICTORIA PERDOMO, on behalf
of herself and other employees similarly situated,

Magistrate Judge Snow

    Plaintiff,

vs.

CLASSIC BILLIARDS I, INC., a Florida for-profit
corporation, d/b/a HOT SHOTS BAR & BILLIARDS,
and DORIS GAMEL,

    Defendants.
_____/

## CORRECTED ORDER GRANTING MOTION FOR PRELIMINARY CLASS CERTIFICATION, AND MOTION TO PERMIT COURT SUPERVISED NOTICE TO EMPLOYEES OF THEIR OPT-IN RIGHTS

THIS CAUSE is before the Court upon a review of the docket.

On February 7, 2007, this Court entered an order denying Defendant's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction [DE 13] and granting Plaintiff's Motion for Preliminary Class Certification and Motion to Permit Court Supervised Notice to Employees of Their Opt-in Rights [DE 19]. The Court hereby incorporates and reaffirms that Order, with the exception of footnote 2 on page 5, and the last sentence of the first full paragraph on page 5.

In granting Plaintiff's motion, the Court considered Plaintiff's submission of evidence that there were other employees who desire to opt-in and who are similarly situated with respect to their job requirements and with regard to their pay provisions. The Court stated in footnote 1 on page 5 that: "Plaintiff's motion references affidavits of these employees as attachments to the motion. The Court has checked the CM/ECF court file and does not find any attachments to the motion."

The Court has now rechecked the docket and has found the affidavits filed as

attachments to Plaintiff's motion [DE 19]. Thus, the Court can now state that Plaintiff supports her motion with both the opt-in forms of three other individuals who worked similar jobs at Defendants' restaurant during the same time period, and affidavits from those opt-in plaintiffs, Michelle Diaz, Dayna Saunders, and Jillia Stotts. These employees testify that Defendants' also failed to pay minimum wages and overtime wages and knew other employees who may be willing to opt-in.

Finally, the Court stated at page 5 that "Plaintiff shall separately file a proposed form Notice and a Consent Form." In the attachments to DE 19, Plaintiff had filed a proposed Notice and Consent Form at Exhibits G and H. The Court has reviewed the form and just one addition is in order. In the third full paragraph on the second page of the notice, a deadline of 60 days from the date of mailing must be included at the end of the sentence ending in "and mail it to Mr. Bober." When the Notices are sent by Plaintiff's counsel, that date shall be inserted. This deadline may also be noted near the top of the first page in some appropriate fashion.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff shall cause a mailing to be made to potential opt-in plaintiffs by February 28, 2007, in accordance with this Order, and with Defendants cooperating in securing last known addresses for both current and former employees in the last three years.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of February, 2007.

JAMES I. COHN
United States District Judge

Copies furnished to:

Peter Bober, Esq.
Justin Pearson, Esq.

2